**REPUBLIC MOLDING CORPORATION, Appellant,**

**v.**

**B. W. PHOTO UTILITIES, doing business as B. W. Molded Plastics, Appellee.**

**REPUBLIC MOLDING CORPORATION, Appellant,**

**v.**

**ALLADIN PLASTICS, INC., Appellee.**

**REPUBLIC MOLDING CORPORATION, Appellant,**

**v.**

**GOTHAM INDUSTRIES, INC., Appellee.**

**Nos. 17433–17435.**

United States Court of Appeals Ninth Circuit.

June 19, 1963.

Lyon & Lyon, Leonard S. Lyon, Jr., and Roland N. Smoot, Los Angeles, Cal., Mason, Kolehmainen, Rathburn & Wyss, M. Hudson Rathburn, and Clemens Hufmann, Chicago, Ill., for appellant.

Mason & Graham, Collins Mason and William R. Graham, Los Angeles, Cal., for appellee B. W. Photo Utilities.

Bernard Kriegel and Jerrold A. Fadem, Los Angeles, Cal., for appellee Alladin Plastics, Inc.

Silverman, Mullin & Cass, Eli Mullin, Chicago, Ill., Harris, Kiech, Russell & Kern, and Donald C. Russell, Los Angeles, Cal., for appellee Republic Molding Corp.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

In these three cases, consolidated for trial before the district court, Republic Molding Corporation seeks recovery of

damages for patent infringement and unfair competition. Upon appeal, the question presented is whether the district court erred in holding, in all three cases, that appellant's unclean hands barred relief.

The subject of Republic's patents is a plastic vegetable bin, marketed under the trade-mark of "Polly-Flex." Appellant asserts damage by virtue of the fact that appellees are wrongfully marketing substantially similar products. The action against B. W. Photo was brought before issuance of the patents, and is confined to a claim of unfair competition. The other actions include claims for both unfair competition and patent infringement. The action against Alladin also includes a claim for copyright infringement relating to the copying of a copyrighted advertisement.

The conduct found to constitute unclean hands was Republic's disregard of title 35 U.S.C. § 292, which provides in pertinent part:

"Whoever marks upon, or affixes to, or uses in advertising in connection with any article, the words 'patent applied for,' 'patent pending,' or any word importing that an application for patent has been made, when no application for patent has been made, or if made, is not pending, for the purpose of deceiving the public * * * shall be fined not more than $500 for every such offense."

The B. W. Photo case contains the fullest and most specific finding of unclean hands. There the court found:

"5. Although plaintiff was aware of the provisions of the patent statute, 35 USC § 292, which provides that it is unlawful for anyone, for the purpose of deception, to advertise to the effect that an application for patent has been filed or is pending on an article when in fact such patent application has not been filed and is not pending, plaintiff falsely advertised, for a continuous period of over six months before it filed an application for patent on said receptacle, and, prior to the filing of the complaint herein, that an application for patent had been filed and was pending on said receptacle. During said period plaintiff was attempting to create a secondary meaning in the design of said receptacle and contrary to public interest conducted said false advertising for the purpose of preventing competition in said receptacle while attempting to create said secondary meaning, which the Court finds to constitute unclean hands."

The nature of the unclean-hands defense in patent and unfair competition litigation and its proper place in the context of the issues presented in such cases has not been clearly established. Professor Chafee, in 47 Michigan Law Review, 877, 1065 (1949) ("Coming Into Equity With Clean Hands"), has conducted a searching inquiry into the doctrine including its application in the field of patent (page 1070) and trade-mark (page 1076) law.

■ What does seem clear is that misconduct in the abstract, unrelated to the claim to which it is asserted as a defense, does not constitute unclean hands. The concept invoking the denial of relief is not intended to serve as punishment for extraneous transgressions, but instead is based upon "considerations that make for the advancement of right and justice." Keystone Driller Company v. General Excavator Company (1933), 290 U.S. 240, 245, 54 S.Ct. 146, 147, 78 L.Ed. 293.

What is material is not that the plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts, or that the manner of dirtying renders inequitable the assertion of such rights against the defendant. As Professor Chafee suggests (page 1072), we should not by this doctrine create a rule comparable to that by which a careless motorist would be "able to defend the subsequent personal injury suit by proving that the pedestrian had beaten his wife before leaving his home."

■ Further, the extent of actual harm caused by the conduct in question, either to the defendant or to the public

interest, is a highly relevant consideration. G. Heileman Brewing Company v. Independent Brewing Company (9 Cir. 1911), 191 F. 489. In patent cases a patent owner who has misused his patents in a manner contrary to the public interest is not denied relief in enforcing his patent rights if he can demonstrate that the consequences of misuse have been dissipated or "purged." See, e. g., Morton Salt Co. v. G. S. Suppiger Co. (1942), 314 U.S. 488, 493, 62 S.Ct. 402, 86 L.Ed. 363; U. S. Gypsum Co. v. National Gypsum Co. (1957), 352 U.S. 457, 465, 77 S.Ct. 490, 1 L.Ed.2d 465. In trade-mark cases involving "unclean hands" as a defense "the courts will carefully weigh whether the representation actually leads to deception \* \* \*." Derenberg, Trademark Protection and Unfair Trading, page 666.

■ Unclean hands, then, does not stand as a defense that may be properly considered independent of the merits of the plaintiff's claim—such as the defenses of the statute of limitations or the statute of frauds. Its assertion does not eliminate the need for the court to ascertain the soundness of the plaintiff's claim. In the interests of right and justice the court should not automatically condone the defendant's infractions because the plaintiff is also blameworthy, thereby leaving two wrongs unremedied and increasing the injury to the public. Rather the court must weigh the substance of the right asserted by plaintiff against the transgression which, it is contended, serves to foreclose that right. The relative extent of each party's wrong upon the other and upon the public should be taken into account, and an equitable balance struck. Alfred Bell & Co., Ltd. v. Catalda Fine Arts (2 Cir. 1951), 191 F.2d 99, 106; Stein v. Mazer (4 Cir. 1953), 204 F.2d 472, 480. The ultimate decision is whether the deception actually caused by plaintiff "as compared with the trading methods of the defendant warrant punishment of the plaintiff rather than of the defendant." Derenberg, supra, at 666.

Upon the record before us, as we shall discuss, application of these principles renders the doctrine of unclean hands inappropriate.

We look first at Republic's claim of unfair competition.

■ Republic asserts that its product has acquired secondary meaning and that customer confusion is created by the appellees in marketing their products. The district court did not find on these contentions and if we are to appraise the defense of unclean hands we must, arguendo, assume their truth.

■ Unless the secondary meaning was acquired by virtue of Republic's misrepresentations, we find no significant connection between that misrepresentation and Republic's asserted right to be free from unfair competition. While the district court did find that Republic, through its misrepresentations, *intended* to discourage competition, the record does not indicate that it was at all successful. There is no suggestion in the record that any member of the public forbore the marketing of similar products because of its belief that a patent was pending. Certainly it does not appear that these appellees have done so.

Appellees contend that harm to the public is to be presumed from the very fact of violation; that there is a sufficient public interest in suppressing such conduct to warrant invoking the doctrine here. However, as Professor Chafee points out, the allowance of the defense of unclean hands, while it does deprive an unworthy plaintiff of the fruits of his misconduct, frequently multiplies the public injury in doing so. So here allowance of this defense in the face of the assumed fact of customer confusion permits that confusion to continue unabated, and even invites its extension to the ultimate state. Anyone could now market a copy of Republic's bin perfect in every respect save in inferior quality.

The possibility of such drastic effects on the interests of the consumer makes it all the more important that the public's

right to rely on secondary meaning should not be taken away for the extraneous transgression of the manufacturer. Section 292 specifies how violations should be punished. Unless the rights asserted by the violator are attributable to such violation or such violation does unusual harm to the public interest, this punishment should sufficiently protect the general public interest in suppressing such conduct.

█ So far as concerns Republic's claim of patent infringement, we find no connection whatsoever between the right and the acts of misconduct. Where unclean hands has been asserted to bar a claim of infringement it has usually been because the patent was fraudulently obtained, Precision Instrument Manufacturing Company v. Automotive Maintenance Machinery Company (1945), 324 U.S. 806, 65 S.Ct. 993, 89 L.Ed. 1381; or there had been a concealment of evidence amounting to a fraud on the court, Keystone Driller Company v. General Excavator Company, supra; or, perhaps more remotely, the patent was being misused, as, for example, in violation of the Sherman Act, Morton Salt Company v. Suppiger Company, supra.

Here the misrepresentation merely anticipated the fact. We find in such anticipation no justification for invalidating the patent upon its subsequent issuance. Section 292 certainly does not appear to contemplate such consequence.

Further, we find no relevant connection between the misconduct of Republic and its claim against Alladin of copyright infringement based upon pirated advertising.

We therefore conclude that upon the present record it was error to dispose of these three cases upon the basis that Republic's conduct amounted to unclean hands. A remand for consideration of the merits of Republic's claims of unfair competition, patent infringement and copyright infringement thus becomes necessary. We leave to the discretion of the district court whether appellees should be given further opportunity to present evidence upon the issues which we have here stated to be relevant to the problem of unclean hands.

It would appear that in one respect the merits of Republic's claims have been considered. In both the Alladin and Gotham cases, the district court has found that the patents claimed by Republic are void for lack of invention.

There are, however, no findings respecting prior art and the extent of improvement over prior art which this invention provides and which (the findings suggest) the court has determined to be obvious. Further, in the Alladin case the court has concluded that "by reason of its finding of unclean hands [it] need not make findings as to various other issues raised by the complaint." The court's determinations as to the validity of the patents are thus not expressed with sufficient clarity to enable us to review them in this proceeding.

█ One further matter requires our attention.

Section 292 not only provides for the imposition of a fine but, in subparagraph (b), provides that any person may sue to recover one half of it. Gotham counterclaimed under this provision and has appealed from the district court's dismissal of this counterclaim. In this respect the court found:

"Said use of false markings in advertising by the plaintiff was not with the intention or purpose of deceiving the public within the meaning of title 35 of the United States Code section 292."

It concluded that the plaintiff would not be fined, and dismissed Gotham's counterclaim.

If the fact is, as found by the district court in the B. W. Photo case, that Republic's purpose by this misrepresentation was to prevent competition while attempting to create secondary meaning, a purpose to deceive the public would seem to have existed. The findings in these two cases would thus appear, without further explanation, to be in conflict and a remand to resolve such apparent conflict is required.

Upon both the appeal and cross-appeal, judgment reversed and remanded with instructions that judgment be set aside and for further proceedings in accordance with this opinion.