**UNITED STATES of America, by Nicholas deB. KATZENBACH, Attorney General of the United States, Plaintiff,**

v.

**JUNCTION CITY SCHOOL DISTRICT NO. 75, R. L. Bolen, Superintendent of Education of the Junction City School District No. 75, Leon Ray, President, M. E. Ford, Roy Fish, P. B. Griffin and Fred Jones, members, Board of Directors of Junction City School District No. 75, Defendants.**

Civ. A. No. 1095.

United States District Court
W. D. Arkansas,
El Dorado Division.

March 21, 1966.

Bill J. Davis, El Dorado, Ark., for petitioner.

Charles M. Conway, U. S. Atty., Luzerne E. Hufford, Jr., Atty., Dept. of Justice, for respondent.

OREN HARRIS, District Judge.

This is a motion to dismiss a suit brought by the Honorable Nicholas deB. Katzenbach, Attorney General of the United States, on behalf of the United States of America. It was filed in this court on February 7, 1966.

The suit was brought to compel the desegregation of the Junction City, Arkansas, public schools and to require the school district to provide equal education-

al opportunities to all students in all public schools without regard to the students' race or color.

The defendants contend the complaint should be dismissed on the basis that the court is without jurisdiction because the Attorney General of the United States has not met the prerequisites of Section 407 of the Civil Rights Act of 1964. They specifically allege that the Attorney General of the United States has not received a complaint in writing signed by a parent or group of parents contending that minor children are being deprived of the equal protection of the laws by the Junction City School District No. 75.

The original action was brought by the Attorney General on behalf of the United States under Section 407(a) and (b) of the Civil Rights Act of 1964,[1] and under 28 U.S.C. § 1345.[2]

The Attorney General of the United States has certified, as provided by the Act, that he has received a complaint in writing, signed by the parent of minor children in Junction City, Arkansas, to the effect that said children are being deprived by the school district of the equal protection of the laws.[3]

1. "Sec. 407. (a) Whenever the Attorney General receives a complaint in writing—

(1) signed by a parent or group of parents to the effect that his or their minor children, as members of a class of persons similarly situated, are being deprived by a school board of the equal protection of the laws, or

(2) signed by an individual, or his parent, to the effect that he has been denied admission to or not permitted to continue in attendance at a public college by reason of race, color, religion, or national origin,

and the Attorney General believes the complaint is meritorious and certifies that the signer or signers of such complaint are unable, in his judgment, to initiate and maintain appropriate legal proceedings for relief and that the institution of an action will materially further the orderly achievement of desegregation in public education, the *Attorney General is authorized* (emphasis supplied), after giving notice of such complaint to the appropriate school board or college authority and after certifying that he is satisfied that such board or authority has had a reasonable time to adjust the conditions alleged in such complaint, *to institute* for or in the name of the United States *a civil action in any appropriate district court of the United States* (emphasis supplied) against such parties and for such relief as may be appropriate, and such court shall have and shall exercise jurisdiction of proceedings instituted pursuant to this section, provided that nothing herein shall empower any official or court of the United States to issue any order seeking to achieve a racial balance in any school by requiring the transportation of pupils or students from one school to another or one school district to another in order to achieve such racial balance, or otherwise enlarge the existing power of the court to insure compliance with constitutional standards. The Attorney General may implead as defendants such additional parties as are or become necessary to the grant of effective relief hereunder.

(b) The Attorney General may deem a person or persons unable to initiate and maintain appropriate legal proceedings within the meaning of subsection (a) of this section when such person or persons are unable, either directly or through other interested persons or organizations, to bear the expense of the litigation or to obtain effective legal representation; or whenever he is satisfied that the institution of such litigation would jeopardize the personal safety, employment, or economic standing of such person or persons, their families, or their property."

2. "§ 1345. United States as plaintiff

Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress. June 25, 1948, c. 646, 62 Stat. 933."

3. "CERTIFICATE OF THE ATTORNEY GENERAL.

I, Nicholas deB. Katzenbach, Attorney General of the United States, hereby certify that I have received a complaint in writing signed by the parent of minor children who reside within the Junction City School District No. 75, Union County, Arkansas, alleging in effect that said children are being deprived by the School District of the equal protection of the laws; that I believe the complaint to be meritorious; that the signer of the complaint is unable, in my judgment, to initiate and maintain appropriate legal

The issue raised by the motion is that the court lacks jurisdiction because of the insufficiency of the statutory certificate of the Attorney General.

First, I shall dispose of the issue of the sufficiency of the certificate of the Attorney General. In analyzing the certificate, the Attorney General certifies:

(1) That he has received such complaint in writing;

(2) That he believes the complaint to be meritorious;

(3) That the signer of the complaint is unable, in his judgment, to initiate and maintain appropriate legal proceedings for relief because he is unable to bear the expense of the litigation;

(4) That he is satisfied the institution of the litigation by the signer of the complaint would jeopardize the personal safety, employment or economic standing of himself, his family or his property;

(5) That the school district was notified of the complaint;

(6) That he is satisfied that the district has had reasonable time to adjust the conditions alleged in the complaint;

(7) And that, in his judgment, the institution of the suit will materially further the orderly achievement of desegregation in public education.

■ The certificate signed on February 4, 1966, by the Honorable Nicholas deB. Katzenbach, Attorney General of the United States, substantially sets forth and contains all the basic and essential requirements of Section 407(a) and (b) of the Civil Rights Act of 1964. Section 407 of the Civil Rights Act of 1964 clearly expresses the legislative intent that the Attorney General be vested with exclusive and final determination of the sufficiency of the complaint. Thus, the Attorney General need not detail the facts behind the certificate nor disclose the names or identity of the person or persons complaining to him. The legislative history of the Act leaves no doubt that such was the contemplation of the Congress.[4]

■■ It is seriously contended by the defendants that the plaintiff was required by the Sixth Amendment of the United States Constitution to reveal the identity of the accuser. This is not a criminal action. The constitutional requirement of confrontation of witnesses is limited only to criminal cases.[5] Neither the contents of the complaint nor the identity of the complainant is material to this action.

Having disposed of the question of the sufficiency of the certificate of the Attorney General, the court has jurisdiction of this action under Section 407(a) of the Civil Rights Act of 1964 supra, 28 U.S.C. 1345 supra, and 28 U.S.C. 1343 (3).[6]

The motion to dismiss is without merit and is therefore denied.

---

proceedings for relief because he is unable to bear the expense of the litigation and I am satisfied that the institution of such litigation by him would jeopardize the personal safety, employment, or economic standing of himself, his family, or his property; that the School District was notified of the complaint; that I am satisfied that said School District has had a reasonable time to adjust the conditions alleged in the complaint; and that in my judgment, the institution of this action will materially further the orderly achievement of desegregation in public education."

4. See: H.R.Rep.No.914, 88th Cong., 1st Sess.(1963) S.R.Rep.No.872, 88th Cong., 2nd Sess.(1964) U.S.Code Congressional and Administrative News, p. 2355.

5. Thompson v. Whittier, 185 F.Supp. 306 (D.C.1960).

6. "§ 1343. CIVIL RIGHTS AND ELECTIVE FRANCHISE

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

\* \* \* \* \*

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."