UNITED STATES of America,
Plaintiff,

v.

The **BOARD OF EDUCATION OF LINCOLN COUNTY, GEORGIA** et al.,
Defendant.

Civ. A. No. 1400.

United States District Court
S. D. Georgia,
Augusta Division.

Nov. 21, 1968.

Supplemental Order March 3, 1969.

Howard Moore, Jr., Peter E. Rindskopf, Atlanta, Ga., John Ruffin, Jr., Augusta, Ga., Jack Greenberg, New York City, for plaintiff.

E. Freeman Leverett, Elberton, Ga., for defendant.

### ORDER

LAWRENCE, District Judge.

The motions involved in this case were recently argued before me in Augusta, and briefs filed. The motions are:

1. Plaintiff's motion to strike the Second Defense.

2. Plaintiff's motion to strike the Third Defense and Counterclaim (cross-action for injunction against the Attorney General.

3. Motion of Defendants for a more definite statement (Fourth Defense) and their related motion to require Plaintiff to answer certain Interrogatories.

### SECOND DEFENSE

Defendants would bar the grant of injunctive relief to the plaintiff on the theory that the Attorney General has not fairly and impartially administered Title IV of the Civil Rights Act of 1964, having systematically and arbitrarily enforced same only against school systems located in the seventeen southern and border states while taking no action where racial segregation is practiced in other states of the Union. As a result, contend the defendants, plaintiff comes into court with hands unclean and is not entitled to equitable relief.

I do not think the matter pleaded constitutes a legal defense to this motion.

■ While the general principles of equity apply to actions brought by the United States "they will not be applied to frustrate the purpose of its laws or to thwart public policy". Pan-American Petroleum and Transport Company v. United States, 273 U.S. 456, 506, 47 S.Ct. 416, 424, 71 L.Ed. 734. The "clean hands" principle cannot be resorted to where its application would have such an effect. Deseret Apartments, Inc. v. United States, 10 Cir., 250 F.2d 457; Bloomfield Steamship Company v. United States, D.C., 258 F.Supp. 891.

Further, the conduct of an equity plaintiff in such cases is not a punishment for extraneous transgressions unrelated to the claim against which it is asserted as a defense. Republic Molding Corp. v. B. W. Photo Utilities, 9 Cir., 319 F.2d 347.

■ If the Second Defense were meritorious because the Attorney General was guilty of discriminatory practices, the United States could not enforce Title IV through injunctive proceedings and the

will and purpose of Congress embodied therein would be thwarted as to the Lincoln County school system and every other school system in the southern and border states accused of racial discrimination.

### THIRD DEFENSE AND COUNTER-CLAIM

Repeating the contents of the Second Defense, the defendants elaborate by asserting that the Attorney General's selective enforcement is based upon hostility and malevolence toward the states discriminated against and is motivated by political favoritism toward the more populous non-southern and border states. His discriminatory enforcement of the law is claimed to deny due process, deprive states of their equal rights, and to be violative of the Civil Rights Act itself. The prayer is that, until the Attorney General corrects these distasteful practices, he be enjoined from prosecuting actions under Title IV against the defendants in this case as well as against all other local school systems in the southern and border states.

Arguing that discrimination in enforcement is forbidden by the Federal Constitution in the case of states and state officials, counsel for defendants asserts: "The same type of relief which the Court of Appeals in this Circuit has afforded against state registrars who have discriminated against Negroes in the administration of State registration laws is the relief which is appropriate here and which is prayed for by defendants' counterclaim." In other words, since the Federal courts enjoin state officials against evil discrimination in the administration of otherwise valid state laws they should likewise enjoin officers of the Federal Government from unequally enforcing laws of the United States against an agency of a state such as a school board.

The trouble with this argument is that the 14th Amendment sanctions suits against states and state officials denying equal protection and due process to citizens but no one has yet devised a way

to sue the United States in cases such as this and neither Congress nor the Federal Constitution has provided a remedy.

Even if the charges made in the Second and Third Defenses as to discriminative conduct in the enforcement of law are taken as true for the purposes of the Motion to Strike the defendants would be without remedy in this Court.

The plaintiff is the United States of America. To enjoin the Attorney General through whom it acts plainly would be to permit a suit to be brought against the non-assenting federal sovereign. See United States v. State of Alabama, 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327; United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; State of Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235; Stricker v. Bickerstaff, D.C., 278 F.Supp. 460.

Immunity from such suits is not waived by the United States by virtue of the initiation of the action. United States v. Patterson, 5 Cir., 206 F.2d 345; United States v. Associated Air Transport, Inc., 5 Cir., 256 F.2d 857.

Resourceful counsel for the defendants relies on, among other cases, Philadelphia Co. v. Stimson, 223 U.S. 605, 32 S.Ct. 340, 56 L.Ed. 570. In that case the Supreme Court held that the suit was not against the United States in a case where the plaintiff did not seek to interfere with the official discretion of the Secretary of War but challenged his legal authority to do the things complained of. In Larson, War Assets Administrator v. Domestic and Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 that Court in holding the suit to be one against the United States pointed out that there was no assertion that the Administrator was acting unconstitutionally or pursuant to an unconstitutional grant of power. In a useful analysis of the previous holdings of the Supreme Court, Justice Frankfurter, dissenting, catalogued *Stimson* among the cases in which an officer has exceeded his statutory powers.

Here, as I view things, the Attorney General is charged, in final analysis, with acting unjustly, arbitrarily and discriminating selectivity in the exercise of powers conferred on him by Title IV. It is not really the illegality of his acts nor the unconstitutionality thereof that is complained of but the manner in which he has exercised the discretionary powers granted by a valid Act of Congress.[1]

In Payne v. Fite, 184 F.2d 977, which was a suit to enjoin a postmaster, the Fifth Circuit through Judge Hutcheson said:

"It is clearly settled that an officer of the United States who unlawfully undertakes to deprive a citizen of a right is subject to suit in his personal capacity to prohibit him, or compel him to desist, from doing so. It is equally well settled that where the suit is not against him personally but to control or direct his action as an officer of the United States in respect of matters confided to his discretion, the suit is one against the United States and may not be maintained without its consent to be sued."

I must and do hold that the Third Defense and the Counterclaim are not well founded and must be dismissed as representing an effort to sue the United States where immunity has not been waived.

## MOTIONS FOR MORE DEFINITE STATEMENT AND TO COMPEL PLAINTIFF TO ANSWER INTERROGATORIES

The consequentiality of my ruling on the Counterclaim is for me to sustain the Government's position as to the irrelevance of Interrogatories 9–35, inclusive, and 44, 45 and 46.

---

1. I am aware that defendants allege a violation by the Attorney General of Title 42, § 2000c–6(a) respecting the limitation on the powers granted as to achieving racial balance by transferring students from one school to another. This may constitute a defense to the action but it is certainly not the basis of an injunction against the Attorney General's prosecution of this (or similar) actions.

The Government also refused to answer Interrogatories 3, 6, 8, 38, 40 and 41. Of these, Nos. 3 and 38 (and perhaps also 6) seeks the names of the complaining parents referred to but not identified in the Attorney General's Certificate. The position of the defendants is that the Certificate is a condition to the suit (42 U.S.C.A. § 2000c–6) and the non-existence of such complainants would invalidate the Certificate on which the action is based.[2]

■ Plainly, the Attorney General was right in refusing to divulge the information sought. Congress intended neither that the determinations on which he made the certification or the names of the complainants should be divulged. H.R.Rep. No. 914, 88th Cong. 1st Sess. 23, 24 (1963); 110 Cong.Rec., 6543 (1964). The Courts have uniformly denied the right to any such disclosure by the Department of Justice. See United States by Katzenbach v. Junction City School District No. 75, D.C., 253 F.Supp. 766; United States v. Philadelphia Municipal Separate School Dist., Civil Action No. 1368 (E), (S.D.Miss., 1967); United States v. Natchez Municipal Separate School District, Civil Action No. 1120 (S.D.Miss., 1965); United States v. St. Bernard Parish School Board, E.D.La., No. 16, 323; United States v. Board of Education of Lowndes County, Georgia, C.A. No. 785 (M.D.Ga.); United States v. Crawfordsville School District No. 2, C.A. No. J–66–C–38 (E.D.Ark., 1966) (Young, J.); United States v. Greenwood Municipal Separate School District, C.A. No. GC–6640 (N.D.Miss., 1966) (Clayton, J.); United States v. Indianola Municipal Separate School District, C.A. No. GC–6637 (N.D.Miss., 1966) (Clayton, J.); Kennedy v. Lynd, 5 Cir., 306 F.2d 222.

This leaves for decision only the matter of the Government's failure to respond to Interrogatories 6, 8, 40 and 41. These Interrogatories require the Government to furnish copies of all written statements and the substance of oral statements made to or taken by investigators of the Department of Justice who visited Lincoln County in connection with the complaints. They also call for reports, evaluations and memoranda of the investigation.

Objecting to these Interrogatories, the Government has refused to answer. The Attorney General's Memorandum in this case does not specifically deal with Nos. 6, 8, 40 and 41. Perhaps this was due to the fact that it was not aware that the information in question was not sought for purposes of defense as to the inadequacy of the Certificate but only for the general purpose of discovery of plaintiff's evidence. Defendants' counsel states that the information is sought "independently of whether or not it constitutes the basis of the Attorney General's certificate, and hence is on a basis no different from that which arises in many cases where one party wishes to discover evidence in the possession of the adverse party." He adds that it is "a monstrous proposition, so alien to our institutions," that the United States should be immune from the general rules of discovery applicable to all other litigants.

I have decided to reserve judgment concerning Interrogatories 6, 8, 40 and 41 until the Government, in more detail, apprises me of the reasons and grounds for its refusal to furnish the information sought. A letter will be sufficient and defendants' counsel will, of course, have opportunity to reply.

### SUPPLEMENTAL ORDER

■ Ruling was reserved by the Court as to Plaintiff's objections to several Interrogatories of Defendants seeking, for purpose of discovery in preparation for trial, information similar to that sought

---

2. Recently a number of parents of Negro children who are students in the Lincoln County public schools have brought suit in this Court complaining of the dual school system in that County. To an ex-tent this fact imparts an academic quality to this discussion. It is my purpose to consolidate the two actions and hear them at the same time.

on the issue as to validity of the Attorney General's certificate.

I agree with Plaintiff that Defendants should not be permitted to accomplish indirectly what could not be achieved directly.

Since my original order in this case the Fifth Circuit has decided the appeal in United States v. Greenwood Municipal Separate School District, which was cited by this Court in its decision. (See opinion of C.A.5th Cir., No. 25714; Feb. 4, 1969, 406 F.2d 1086). The Court said, "[W]e hold that the board has no right, nor have the courts any right, to examine the information which triggered the Attorney General's certificate." In a footnote the Court indicated in an obiter that information as to complaints cannot be discovered in preparation for trial any more than it can be elicited in respect to validity of the Attorney General's certificate. Referring to United States by Katzenbach v. School District Number 1, Lexington County, D.S.C. 1966, 40 F.R.D. 391, it said that it entertained "grave doubts" about that part of the District Court's ruling that the names of complainants and the nature of their complaints could be discovered in preparation for trial.

Plaintiff's objections to Interrogatories 6, 8, 40 and 41 are therefore sustained.