**EASTMAN KODAK COMPANY,**
Plaintiff-Appellee,

v.

**FOTOMAT CORPORATION, Defendant-Appellant.**

No. 71–1390.

United States Court of Appeals,
Fifth Circuit.

April 21, 1971.

Rehearing Denied and Rehearing En Banc Denied June 21, 1971.

Wisdom, Circuit Judge, dissented and filed opinion.

Miles J. Alexander, Thomas C. Shelton, Jerre B. Swann, Richard R. Cheatham, Atlanta, Ga., Gary H. Wiles, LaJolla, Cal., for defendant-appellant.

John R. Crenshaw, Daniel B. Hodgson, Atlanta, Ga., Joseph L. McEntee, Jr., David L. Hoffberg, Rochester, N. Y., Alston, Miller & Gaines, Atlanta, Ga., Nixon, Hargrave, Devans & Doyle, Rochester, N. Y., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

BY THE COURT:

It is ordered that appellee's motion to dismiss as untimely Fotomat's appeal from the preliminary injunction granted below, D.C., 317 F.Supp. 304, filed in the above styled and numbered cause, is hereby granted. We deem the attempted appeal to be time-barred.

WISDOM, Circuit Judge (dissenting):

The Court dismisses this appeal as time-barred. I respectfully dissent.

This issue arises out of a trade dress infringement suit by Eastman Kodak against Fotomat, a film dealer and processor handling Kodak supplies. The problem is to determine when the preliminary injunction granted by the district court became final.

In December 1969 the district court issued a proposed preliminary injunctive order. Each party then filed objections to its terms. March 27, 1970, the Court issued what in many respects seems to have been intended as the final injunctive order. It left one issue (lighting of dispensing kiosks) open to be resolved separately. More importantly, the order provided that costs of the changes that Fotomat was required to make would be shared equally, and that Fotomat should make no changes without first submitting a proposal of changes to Eastman. Eastman was given the right to waive any required changes, for instance because of the cost. The order also provided that if the parties could not agree on costs, the court would resolve the issue.

The parties continued to dispute the issue of costs. (The parties disputed whether costs should be incurred to the extent of about $400,000 or about $100,-000.) Until December 10, 1970, Fotomat was not required to make any changes, because the cost issue had not been settled and the court's March 27 order made resolution of the cost issue a prerequisite to commencement of compliance with the order.

During the same period, the parties attacked the substance of the March 27 order. Eastman, by motions denominated Rule 52 and 59 motions, filed within ten days of March 27, sought reconsideration. These motions were disposed of September 1, 1970. Later, October 6, Fotomat raised objections; it is unclear whether these related to the September 1 action or the March 27 order. Eastman also filed during November several motions for reconsideration. These motions were out of time under the ten day requirement if the March 27 order was the final order, but the district court addressed itself to the merits of the motions.

The question is whether the March 27 order or the December 10 order is the final one on the temporary injunction. If March 27 is the date of the final order, then proper motions under various rules would extend the beginning of the 30 day appeal time until September 1. The later motions for reconsideration would be out of time and would not affect the running of the time for notice of appeal. The appeal here would be untimely. On the other hand, if December 10 is the date of the final order the appeal is timely.

The appellant, Fotomat, argues that the March 27 order cannot be considered; it was contingent on future agreement or court order respecting costs and that cost was a substantial issue. Fotomat also argues that the scope of the order itself was unclear until the cost issue was resolved. This is correct in that the parties' disagreement over cost was not as to per item cost, but rather as to what exact changes Fotomat was to make under the order. On the other hand, Eastman argues that cost is a subsidiary issue and that all the substantial issues were determined in the March 27 order.

It seems to me that on this issue Fotomat's position is sound. The order of March 27 in terms was contingent on the future disposition of the cost issue. This court has said:

> * * * until the bonds were filed, the order by its own terms was conditional and without operational effect. * * * it is well settled that 'no appeal lies from an order or decree which is conditional only and the finality of which depends upon certain contingencies which may or may not occur, such as an order granting relief upon the party's performing certain specified acts or complying with specified conditions.'

United States v. Associated Air Transport, Inc., 5 Cir. 1958, 256 F.2d 857, 861. In the light of that case the court's temporary injunction had no operational effect, and did not become final, until the December 10 order regarding costs.

The majority rests its decision on Board of Public Instruction of Duval County, Florida v. Braxton, 5 Cir. 1964, 326 F.2d 616; Orleans Parish School Board v. Bush, 5 Cir. 1957, 242 F.2d 156. *Bush* is distinguishable. The court ordered the school board to take immediate steps to begin desegregating the school system but recognized in its order

that it would take some time to complete the effectuation of these steps.

In *Braxton* the district court prohibited a number of categories of discriminatory behavior in the beginning of its order; in a later paragraph it said that the above prohibitions "shall not be effective until the further order of this Court." And then the order said, "The defendants are directed on or before October 30, 1962, to submit to the Court for its consideration a detailed and comprehensive plan for" effectuating the above requirements. In deciding that the order was appealable, the majority opinion said: " * * * the Court positively and affirmatively directed that a plan be submitted that *would provide for carrying out the paragraphs that were to be later effectuated.* We conclude that the ordering of the plan dealing expressly with these prohibited acts amounts to a mandatory injunction." (Emphasis in original). Thus the court focused on the order that the school board produce a desegregation plan.

Here, however, we have a case involving a series of orders so interrelated that it cannot be said with any certainty that only one of the orders is appealable under 28 U.S.C. § 1292. To do so puts the parties to a guessing game. The common point of both *Braxton* and *Associated Air Transport* is that in both cases the court allowed an appeal. I think it is unduly harsh to hold the appeal time-barred in this case as long as *Associated Air Transport* is still on the books. This is not a case of prematurity: the parties will not get another chance, under the court's ruling, to contest the preliminary injunction. And this injunction is going to cost Fotomat a great deal of money.

Moreover, it seems to me that the intent of the experienced district judge who issued the orders should be considered. No doubt Judge Hooper hoped that the March 27 order would be the final action and that the cost issue would be quickly and easily resolved. In fact, however, the issue dragged on. Apparently, Judge Hooper then began to view his March 27 order as simply one step in the process of reaching a final order on the preliminary injunction. This can be seen from the language of the various orders. Thus in his order of June 1, 1970, Judge Hooper said:

when a full and complete temporary injunction order is entered it shall then and there be appealable by either party.

Additionally, Judge Hooper treated the motions of both parties during October and November on the merits rather than dismissing them as untimely. This would indicate that he considered them as continuing motions directed to matters still pending rather than as motions for reconsideration of matters finally determined and thus required to be made within ten days.

I would hold that the view of the matter that should control is the one existing in September 1970 rather than the one existing March 27. Until September 1, motions for reconsideration of the March 27 order were still pending; thus appeal time could not have begun to run before then. But by September it had become apparent to all that the issue was not yet finally settled.

The appellant should not be made to suffer because of the lack of certainty as to which of the interrelated orders was the final order.

Accordingly, I respectfully dissent.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

WISDOM, Circuit Judge, respectfully dissents.