891 F.2d 296
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ralph J. JACKSON, Defendant-Appellant.
 No. 89-30083.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1989.*
Decided Dec. 6, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Ralph Jackson appeals from the district court's judgment of direct contempt, pursuant to 18 U.S.C. § 401(1). District Judge William Dwyer sentenced Jackson to six months' imprisonment, consecutive to other terms previously imposed, for obscenities directed at District Judge Barbara Rothstein at a sentencing hearing.
 
 
 3
 We review a lower court's decision to impose sanctions for contempt for an abuse of discretion. United States v. Washington, 761 F.2d 1419, 1421 (9th Cir.1985). Under this standard, a contempt order will not be reversed unless we have a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached after it weighed the relevant factors. In re Crystal Place Gambling Hall, Inc., 817 F.2d 1361, 1364 (9th Cir.1987).
 
 
 4
 Jackson first argues that his outburst did not constitute a material obstruction to the administration of justice within the meaning of 28 U.S.C. § 401(1). This court has stated that "[t]here is a point where 'mere words are so offensive and so unnecessary that their very utterance creates a delay which is an obstruction of justice.' " United States v. Thoreen, 653 F.2d 1332, 1340 (9th Cir.1981) (quoting Gordon v. United States, 592 F.2d 1215, 1217 (1st Cir.), cert. denied, 441 U.S. 912 (1979)), cert. denied, 455 U.S. 938 (1982). The Thoreen Court specifically noted that a pro se litigant's vituperative outburst might "constitute[ ] an obstruction because it causes a delay in time involved in the litigant's delivery of his outburst and in the time necessary to get court proceedings back on track." Id. In addition to being "so offensive, so abusive, and so unnecessary that its very utterance constituted an obstruction of justice," as Judge Dwyer labeled it, Jackson's epithet did cause an actual delay; Judge Rothstein took time to ask Jackson to repeat his remark and further time to order Jackson to stop speaking. This delay, coupled with the indecency of Jackson's language[1] makes criminal contempt an appropriate remedy. See Mayberry v. Pennsylvania, 400 U.S. 455, 462-63 (1971) (criminal contempt is an appropriate remedy for conduct not "befitting an American courtroom"); Illinois v. Allen, 397 U.S. 337, 343 (1970) ("The flagrant disregard in the courtroom of elementary standards of proper conduct should not and cannot be tolerated.").
 
 
 5
 Jackson also argues that Judge Rothstein took his outburst into consideration at the sentencing hearing, and that subsequent further punishment for contempt would violate the double jeopardy clause. He argues that, because 18 U.S.C. § 3577 permits consideration of a wide range of information in sentencing, Judge Rothstein must be presumed to have considered Jackson's offending comments in imposing a sentence.
 
 
 6
 Even if we assume that the double jeopardy clause applies to this situation, there is no evidence that Judge Rothstein gave Jackson a harsher sentence because of his words to her. Her sentence was less than half of the maximum time, and was lower than that recommended by the government. Moreover, Judge Rothstein expressly asked the government to consider filing contempt charges, an indication that she did not believe that the outburst had been punished by his sentencing. Although Judge Rothstein did refer to Jackson's behavior before the court as evidence of his lack of remorse, there is no indication that she considered his behavior in the sentencing.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Supreme Court has intimated that calling the presiding judge a "M----- F-----" could be the basis for a contempt citation. See In re Little, 404 U.S. 553, 554 (1972) (per curiam)