Fred **FLOYD**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 10247.

United States Court of Appeals
Fourth Circuit.

Argued March 11, 1966.

Decided May 4, 1966.

C. S. Bowen and Robert A. Clay, Greenville, S. C., for appellant.

Jerome I. Chapman, Atty., Dept. of Justice (Richard M. Roberts, Acting Asst. Atty. Gen., Meyer Rothwacks and George F. Lynch, Attys., Dept. of Justice, and John C. Williams, U. S. Atty., and James D. McCoy, III, Asst. U. S. Atty., on brief), for appellee.

Before SOBELOFF and J. SPENCER BELL, Circuit Judges, and J. BRAXTON CRAVEN, Jr., District Judge.

**SOBELOFF, Circuit Judge:**

An action was brought against the United States by Fred Floyd to restrain the collection of certain cabaret taxes, to remove the assessment against him therefor, and to release his property from seizure and threatened sale thereunder. Floyd's complaint recites that the cabaret, the operation and ownership of which gives rise to a tax obligation,[1] is in fact owned solely by his wife, and that he is not in any way financially involved in the enterprise. The District Court granted the Government's motion to dismiss, relying on section 7421(a) of the Internal Revenue Code of 1954, which reads: "Except as provided in sections 6212(a) and (c) and 6213(a) [which are not here relevant], no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." 26 U.S.C.A. § 7421(a).

█ We agree with the District Court that dismissal is compelled under the Supreme Court's interpretation of section 7421(a) in Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). There the Court was dealing with a suit by an employer to restrain the collection of social security taxes and unemployment taxes asserted by the Government to be due. The employer claimed that there was no employment relationship to which the taxes could apply. In reversing the lower courts' grant of injunctive relief, the Supreme Court declared that a suit by an allegedly delinquent taxpayer to enjoin the collection of taxes must be dismissed for want of jurisdiction unless "it is clear that under no circumstances could the Government ultimately prevail." 370 U.S. at 7, 82 S.Ct. at 1129.[2] In the

---

1. 26 U.S.C.A. § 4231.

2. A complete statement of the Court's conclusion follows:

   "The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue. Nevertheless, if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and, * * * the attempted collection may be enjoined if equity jurisdiction otherwise exists. In such a situation the exaction is merely in 'the guise of a tax.' * * *

instant case the District Court concluded, and we concur, that it is not at all clear that the Government will ultimately fail to establish that the tax liability arising from the operation of the cabaret attaches to Mr. as well as Mrs. Floyd.

Appellant nevertheless presses the contention that he is a non-taxpayer, and therefore outside the proscription against suits for injunctive relief embodied in section 7421(a). Floyd does not dispute that the taxes assessed are valid taxes and are owed by the owner of the cabaret, but denies that he has any interest in the cabaret upon which tax liability could lawfully be predicated as to him. In response to this contention it is sufficient to say that this is precisely the issue that should be resolved in the ordinary channels of tax litigation. Falik v. United States, 343 F.2d 38 (2d Cir. 1965), (injunctive relief denied where plaintiff sought to contest the Government's determination that she was a responsible officer of a tax-delinquent corporation). See also Cooper Agency, Inc. v. McLeod, 235 F.Supp. 276 (E.D.S.C.1964), aff'd per curiam, 348 F.2d 919 (4th Cir. 1965); Broadwell v. United States, 234 F.Supp. 17 (E.D.N.C.1964), aff'd per curiam, 345 F.2d 470 (4th Cir. 1965); Quinn v. Hook, 231 F.Supp. 718 (E.D.Pa.1964), aff'd per curiam, 341 F.2d 920 (3d Cir. 1965).

This is not a case where a property owner under no tax assessment is seeking to enjoin the Government from seizing his property to satisfy the tax obligation of another. Cf. Raffaele v. Granger, 196 F.2d 620 (3d Cir. 1952); Adler v. Nicholas, 166 F.2d 674 (10th Cir. 1948). See also Shelton v. Gill, 202 F.2d 503, 506 (4th Cir. 1953). Where no tax deficiency has been asserted against one whose property is seized, a suit against the Government for injunc-

tive relief seems peculiarly appropriate, for the aggrieved party, not being an alleged tax delinquent, would have no opportunity in the ordinary channels of tax litigation to contest the validity of the Government's assessment.

With respect to Mr. Floyd, however, his complaint shows on its face that the Government has made a levy against *him* for a deficiency, and we cannot say that this is an exaction merely in "the guise of a tax." Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 7, 82 S.Ct. 1125 (1962).

The Order of the District Court is Affirmed.

"We believe that the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed." 370 U.S. at 7, 82 S.Ct. at 1129.