**Stanley G. CALAFUT, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant.**

**Civ. No. 10021.**

United States District Court
M. D. Pennsylvania.

Oct. 4, 1967.

Stanley G. Calafut, pro se.

Bernard J. Brown, U. S. Atty., Scranton, Pa., Donald Gavin, Tax Division, Dept. of Justice, Washington, D. C., for defendant.

SHERIDAN, Chief Judge.

This is a motion by defendant to dismiss the complaint for lack of jurisdiction over the subject matter and person of the defendant, and because the complaint fails to state a claim upon which relief can be granted.

The complaint is unclear. It alleges generally that plaintiff was involved in a dispute with the Government concerning the deductibility of certain costs in connection with his purchase of an automobile used primarily for medical purposes; that in fixing his liability for taxes the Internal Revenue Service applied an "unreasonable standard of values" in that they contended that "the purchase of an automobile involves amounts paid out for permanent improvements which increase the value * * * *" of plaintiff's estate and was not the kind of capital expenditure which is deductible under Section 1.213–1(e)(1)(iii) of the Internal Revenue Regulations; that defendant now refuses to accept plaintiff's automobile in satisfaction of the tax liability at the value consistent with that upon which the tax liability was determined; and that defendant has filed a lien and is making seizures of plaintiff's property to satisfy the liability. Plaintiff requests this court to remove the tax lien against plaintiff, and to order the Government to return all seized property, and to accept the automobile in satisfaction of the tax liability at the value used in establishing his tax liability.

During argument it was brought out that plaintiff appealed the Tax Court decision upholding the Government's determination of his tax liability,[1] but later withdrew the appeal. He admitted liability for the tax assessment, and that the purpose of this action is to force the Government to accept the automobile in payment at the value established in the previous tax proceedings.

In effect, plaintiff seeks certain mandatory injunctive relief in connection with assessment and collection of taxes, and declaratory relief with respect to the assessment and manner of payment. This relief is prohibited by 26 U.S.C.A. § 7421 and 28 U.S.C.A. § 2201. Enochs v. Williams Packing & Nav. Co., 1962, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292; Miller v. Standard Nut Margarine Co., 1932, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422; Singleton v. Mathis, 8 Cir. 1960, 234 F.2d 616; Floyd v. United States, 4 Cir. 1966, 361 F.2d 312; Flora v. United States, 1960, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623. Moreover, 31 U.S.C.A. § 392 provides in pertinent part that "All *coins* and *currencies* of the United States * * * *shall* be legal tender for all debts, *public* and *private,* public charges, *taxes,* duties, and dues." (Emphasis supplied.) The complaint, therefore, fails to state a claim upon which relief can be granted.

The motion to dismiss will be granted.

---

1. This was represented to have been about $205.00.