**William H. STRICKER, Plaintiff,**

**v.**

**Clyde L. BICKERSTAFF, District Director of Internal Revenue, Respondent.**

**No. 67–C–178.**

United States District Court
N. D. Oklahoma.

Jan. 2, 1968.

Marvin T. Johnson, Paul R. Hodgson, Tulsa, Okl., for plaintiff.

Lawrence A. McSoud, James E. Ritchie, Tulsa, Okl., for respondent.

DAUGHERTY, District Judge.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This cause having come on for hearing on the 11th day of December, 1967, this Court, after having considered pleadings on file and the oral argument of counsel,

makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On July 24, 1964, a representative of the District Director of Internal Revenue made an assessment against Star and Ritz, Star Amusement Company, 114 North Main Street, Sand Springs, Oklahoma, for unpaid Federal Unemployment Tax Act taxes (FUTA), penalties and interest for the period ended December 31, 1963, in the amount of $559.88.

2. On June 26, 1964, a representative of the District Director made an assessment against Star and Ritz, Star Amusement Company, 114 North Main Street, Sand Springs, Oklahoma, for unpaid federal withholding and Federal Insurance Contributions Act taxes (FICA), penalties and interest for the fourth quarter of 1963 in the amount of $331.55.

3. On July 24, 1964, and June 26, 1964, notice of and demand for payment of the subject FUTA and withholding and FICA tax assessments, were mailed to Star and Ritz, Star Amusement Company, 114 North Main Street, Sand Springs, Oklahoma.

4. On October 21, 1966, the official records of the District Director of Internal Revenue were changed to indicate that the complainant, W. H. Stricker, Star and Ritz, Star Amusement Company, is liable for the subject withholding and FICA tax assessment, and notice of and demand for payment of this assessment was made to W. H. Stricker.

5. On May 5, 1967, the official records of the District Director of Internal Revenue were changed to reflect that W. H. Stricker, Star and Ritz, Star Amusement Company, is liable for the subject FUTA tax assessment, and notice of and demand for payment of this assessment were made to the complainant.

6. On September 12, 1967, a representative of the District Director served a notice of levy on the Sand Springs State Bank, Tulsa, Oklahoma, indicating that the amount of $648.52 was due and owing by the complainant in respect to the subject tax assessments, and demanding that all property of the complainant in the possession of the bank, not to exceed $648.52, be paid over to the Internal Revenue Service to satisfy the outstanding tax indebtedness. The notice of levy has not been honored.

7. The complainant has not paid the amount of tax in dispute, nor has he filed a claim for refund or brought a refund suit in this Court.

8. The complainant has filed a complaint seeking to enjoin the collection of the outstanding tax indebtedness by the levy, served upon the Sand Springs State Bank by a representative of the District Director of Internal Revenue, and by any future levies. The United States has filed a motion to dismiss the complaint on the ground that the relief sought herein is prohibited by Section 7421 of the 1954 Internal Revenue Code.

## CONCLUSIONS OF LAW

1. The United States as sovereign is immune from suit except where Congress by specific statute has waived sovereign immunity. United States v. State of Alabama, 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327; United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L. Ed. 888; State of Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L. Ed. 235.

2. Not only is there no statute waiving the sovereign immunity of the United States in an action seeking to enjoin the United States from collection of a tax assessment, but on the contrary the injunctive relief sought by the complainant is prohibited by Section 7421(a) of the Internal Revenue Code of 1954. Section 7421(a) provides that:

> (a) *Tax*—Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b) (1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

3. The complainant admits that the injunctive relief sought in this action

does not come within the purview of the statutory exceptions to Section 7421(a), but contends that he is entitled to enjoin the collection of the subject tax assessments pursuant to the authority of Adler v. Nicholas, 166 F.2d 674 (C.A. 10th), on the ground that he is not the proper taxpayer liable for payment thereof.

■■ 4. It is well established that tax assessments are *prima facie* correct. Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212; United States v. Rindskoph, 105 U.S. 418, 422, 26 L. Ed. 1131. The complainant's allegation that he is not the taxpayer liable for the payment of the subject tax assessment is not an allegation of fact which either overrides the *prima facie* correctness of the assessments or demonstrates that the assessments are erroneous if the complainant is a nontaxpayer. Floyd v. United States, 361 F.2d 312 (C.A. 4th); United States v. Prince, 348 F.2d 746 (C.A. 2d); Sexton v. Barry, 233 F.2d 220 (C.A. 6th). The complainant merely puts into issue the central fact to be decided of whether he is a taxpayer liable for payment of the taxes assessed. Such issue involves the merits of the assessments and can only be decided in a refund action brought pursuant to the provisions of Section 7422 of the 1954 Internal Revenue Code or in a collection action brought by the United States. Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292; Flora v. United States, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623; United States v. O'Connor, 291 F.2d 520 (C.A. 2d).

5. The case of Floyd v. United States, supra, is dispositive of complainant's contention that he is entitled to an injunction to restrain collection of a tax assessment because he is not the proper taxpayer. In *Floyd*, the plaintiff, as here, sought to restrain the collection of a tax assessment on the ground that he was a nontaxpayer, not liable for payment of the outstanding indebtedness. In affirming the decision dismissing the complaint for lack of jurisdiction of the United States District Court for the Western District of South Carolina, the Court of Appeals for the Fourth Circuit stated as follows (361 F.2d p. 314):

Appellant nevertheless presses the contention that he is a non-taxpayer, and therefore outside the proscription against suits for injunctive relief embodied in section 7421(a). Floyd does not dispute that the taxes assessed are valid taxes and are owed by the owner of the cabaret, but denies that he has any interest in the cabaret upon which tax liability could lawfully be predicated as to him. In response to this contention it is sufficient to say that this is precisely the issue that *should be resolved in the ordinary channels of tax litigation.* (Emphasis added.)

6. The complainant relies upon Adler v. Nicholas, 166 F.2d 674 (C.A. 10th), as authority for the granting of the injunctive relief against the assessment of taxes. That case is easily distinguishable from the facts in the instant case. In *Adler* the United States sought to levy upon the entire property of a partnership to satisfy the individual tax liability of one of the partners. The Court indicated that those persons claiming an interest in the partnership assets, other than the partner against whom the individual income tax liability was asserted, were entitled to enjoin the collection of that portion of the partnership assets in which they claimed an interest to satisfy the tax indebtedness of the taxpayer-partner. The Court reasoned that such persons were not taxpayers nor did the United States claim that they were taxpayers, and were therefore not subject to the applicable statutory provisions which require the taxpayer to pay such tax under protest and sue to recover. In the instant case, the complainant is the person against whom the subject tax assessments were made and whom the United States claims is liable for payment thereof, not a third party nontaxpayer, as in *Adler,* whose assets were seized to pay the tax liability of another person.

7. Based on the foregoing, the Motion to Dismiss is granted and the Motion For a Preliminary Injunction is denied.