**Dennis STARR, Plaintiff,**

v.

**Joseph SALEMI and United States of America, Defendants.**

**No. 70 C 3072.**

United States District Court,
N. D. Illinois, E. D.

July 20, 1971.

Edward F. Diedrich Law Offices, DeKalb, Ill., for plaintiffs.

William Bauer, U. S. Atty., Chicago, Ill., for U. S. A.

James Carr, First Asst. State's Atty., Sycamore, Ill., for Salemi.

## MEMORANDUM OPINION AND ORDER

McGARR, District Judge.

The facts giving rise to this cause are as follows. On August 12, 1970, there was filed with the Recorder of Deeds of DeKalb County, Illinois, a notice of federal tax lien as to all property belonging to plaintiff Dennis Starr, reciting an unpaid assessment of $15,300. This assessment arises under 26 U.S.C. Section 4741 as an excise tax on a marihuana transfer. On or about October 19, 1970, plaintiff filed his complaint in replevin in the Circuit Court of DeKalb County seeking forty $100 bills of United States currency, $651.63 United States currency and miscellaneous personal property items which, it was alleged, were wrongfully detained by defendant Joseph Salemi, Deputy Sheriff of DeKalb County. A writ of replevin thereafter issued and was returned unexecuted when defendant Salemi posted the required bond. On November 10, 1970, a notice of levy of the United States was served on the Sheriff of DeKalb County pursuant to said tax lien and on November 12, 1970, plaintiff amended the replevin complaint theretofore filed in the County Court to include the United States as defendant. The action was then removed to this court by the United States pursuant to 28 U.S.C. Sections 1441, 1442, and 1444.

Plaintiff's first amended complaint now before this court in addition to relief in replevin, asks for an injunction to issue restraining the Director of Internal Revenue for the Chicago District from seizing, restraining, levying upon or in any way interfering with plaintiff's property, that the court order Joseph Salemi to deposit the money and property he now holds with the Clerk of the Court, and that judgment be entered against Salemi in the amount of $5,000.

This case is now before the court on defendant United States' motion to dismiss for failure to state a claim upon which relief can be granted, and because the court lacks jurisdiction of the subject matter of this lawsuit. The government has also moved for an order quashing the writ of replevin heretofore issued by the Clerk of the Circuit Court for the Sixteenth Judicial Circuit, DeKalb County, Illinois.

Upon service of the notice of levy on the DeKalb County Sheriff, the property held is deemed constructively seized. See United States v. Cameron Construction Co., 246 F.Supp. 869 (S.D. N.Y.1965). Accordingly, the government contends that being so detained, the property in question cannot be the subject of a replevin suit. Title 28, U.S.C., Section 2463 provides:

> All property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof.

In the leading case interpreting Section 2463, the Supreme Court, after analyzing its history, held that the plain object of the legislation was to prohibit state authorized seizures of property detained or levied upon by federal officers. New Hampshire Fire Ins. Co. v. Scanlon, 362 U.S. 404, 80 S.Ct. 843, 4 L.Ed.2d 826 (1960). It further held that this section applied to like actions in the federal court. On the basis of this decision, it is clear that the Circuit Court of DeKalb County was without jurisdiction of the subject matter described in the writ. To the extent that the state court was without subject matter jurisdiction, the district court upon removal acquires none and should dismiss said claims without prejudice. Federal Savings and Loan Corp. v. Quinn, 419 F.2d 1014 (7th Cir. 1969).

It is the government's contention, however, notwithstanding jurisdiction of the parties acquired on removal, that all the relief sought by plaintiff in this case is barred by 26 U.S.C. Section

7421(a), which provides in pertinent part:

> \* \* \* no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

In Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), the Supreme Court stated "the manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." Accordingly, with the exception of special and narrowly defined circumstances not present here (see Pizzarello v. United States, 2 Cir., 408 F.2d 579, cert. den., 396 U.S. 986, 90 S.Ct. 481, 24 L.Ed.2d 450 [1969]), this section prohibits injunctive actions that interfere in the collection of federal taxes. Where the plaintiff seeks replevin of property seized and an order requiring that the property be returned, I conclude the effect of the relief sought is sufficiently similar to "restraining an assessment" as to be encompassed by Section 7421(a). Also, see Calafut v. Commissioner of Internal Revenue, D.C., 277 F.Supp. 266 (1967).

Plaintiff's allegations regarding his liability for the assessment, the constitutionality of the statutes in question, and alleged improprieties in the notice given are, it follows, improperly raised in this proceeding. Jewel Shop of Abbeville, South Carolina v. Pitts, 4 Cir., 218 F.2d 692 (1955); Harvey v. Early, 4 Cir., 160 F.2d 836 (1947).

■ For the foregoing reasons, it is ordered that the writ of replevin issued by the Clerk of the Circuit Court for the Sixteenth Judicial Circuit, DeKalb County, Illinois, be and said writ hereby is quashed. The motion of the United States to dismiss is granted. The remaining prayer for money damages against Joseph Salemi standing alone is insufficient to support this court's jurisdiction and, accordingly, this lawsuit is hereby ordered dismissed.