LISA S. GOFF, PETITIONER *v*. COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 2965–09L.          Filed August 24, 2010.

R may proceed with collection of tax liability and civil penalties for filing frivolous tax returns.

1. *Held*: Submission of a "Bonded Promissory Note" of P's husband was not payment of liabilities and penalties.

2. *Held*, *further*, P is subject to sanction under sec. 6673(a)(1), I.R.C., for procedures instituted primarily for delay, etc.

Lisa S. Goff, pro se.
*Richard W. Kennedy*, for respondent.

HALPERN, *Judge*: This case is before the Court to determine whether respondent may proceed with the collection of petitioner's unpaid Federal income tax for 1996 through 2006 and unpaid civil penalties for filing frivolous income tax returns for 1997, 1999, 2000, 2003, and 2004 (collectively, petitioner's liabilities or, simply, the liabilities). We review the determinations under section 6330(d)(1).

All section references are to the Internal Revenue Code of 1986, as amended and as applicable to this case, and all Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise indicated.

The case presents two questions:

(1) Whether a "Bonded Promissory Note" in the face amount of $5 million (the note) that petitioner submitted to the Internal Revenue Service (IRS) constitutes payment of the liabilities; and

(2) whether we should impose an additional penalty on petitioner pursuant to section 6673 for instituting this proceeding primarily for delay or advancing a position that is frivolous or groundless.

FINDINGS OF FACT [1]

When she filed the petition, petitioner resided in Utah.

Respondent notified petitioner of his intent to collect petitioner's liabilities by levy, and, in response thereto, petitioner requested a pre-levy hearing with Appeals under section 6330.

During that hearing, petitioner argued that she had paid the liabilities by means of the note, which she had sent to the IRS. Respondent's Appeals Office (Appeals) team manager Sharon Patterson (Ms. Patterson) rejected petitioner's claim that the liabilities had been paid, and the determinations, signed by Ms. Patterson, followed.

Petitioner timely filed the petition, assigning error to the determinations primarily on the ground that "Payment for all liabilities alleged by IRS for LISA S GOFF, TIN * * * was tendered by Harvey Douglas Goff, Jr., hereinafter, 'Undersigned' on or about January 17, 2008." Petitioner added:

Contrary to IRS' claim, Petitioner, at all relevant times prior to the * * * [section 6330] hearing and during the hearing itself, challenged the existence of a tax liability in that, the Undersigned tendered sufficient payment for the alleged liability and IRS failed to post the funds to the proper account.

Petitioner also assigned error on the ground that "The proposed levy, would trespass on a bona fide lien held by the Undersigned and thereby cause irreparable injury to the Undersigned."

The "Undersigned" referred to is petitioner's husband, Harvey D. Goff, Jr. (Mr. Goff). Both he and petitioner signed a document prepared by Mr. Goff, attached to the petition,

[1] At the conclusion of the trial, the Court set a schedule for opening and answering briefs and ordered the parties to file such briefs. The Court directed petitioner's attention to Rule 151, which addresses briefs, and, in particular, to Rule 151(e), which addresses the form and content of briefs. We have accepted from petitioner what appears to be her opening brief, although it does not contain proposed findings of fact, as Rule 151(e)(3) requires, or otherwise conform to the requirements of that Rule. Petitioner filed no answering brief. Respondent filed an opening brief with proposed findings of fact and otherwise conforming to Rule 151(e). Apparently seeing no need to answer petitioner's brief, respondent declined to file an answering brief. Pursuant to Rule 151(e)(3), each party, in its answering brief, must "set forth any objections, together with the reasons therefor, to any proposed findings of any other party". Petitioner did not file an answering brief and did not set forth objections to respondent's proposed findings of fact. Accordingly, we must conclude that petitioner has conceded that respondent's proposed findings of fact are correct except to the extent that those findings are clearly inconsistent with evidence in the record. See, e.g., *Jonson v. Commissioner*, 118 T.C. 106, 108 n.4 (2002), affd. 353 F.3d 1181 (10th Cir. 2003). Respondent, of course, is not similarly disadvantaged because petitioner's opening brief contained no proposed findings of fact.

which set forth petitioner's assignments of error and the facts on which she relies. Among the facts on which she relies are the following:

1. On or about March 20, 2007, the Undersigned deposits a bond with the Secretary of the Treasury upon which the Undersigned states his intention to draw against the proceeds of said bond in satisfaction of debts. The Undersigned, according to the terms of the bond order, grants the Secretary a thirty-day opportunity in which to return said bond to the Undersigned or, in the alternative accept the Undersigned's bond and terms.

2. Upon expiration of said 30-day opportunity, the Undersigned receives no communication from the Secretary, and said bond is not returned to the Undersigned. Accordingly, the Secretary accepts said bond pursuant to the terms of said bond.

3. On or about September 7, 2007, the Undersigned deposits, with the Secretary of the Treasury, a Private Discharging and Indemnity Bond No. RA819570054US–HDG subordinate to the March 20, 2007 bond which is issued pursuant to the Undersigned's full faith and credit. The stated purpose of said Private Discharging and Indemnity Bond is to indemnify, among others, the TIN assigned to Petitioner, the Petitioner, Internal Revenue Service and all subdivisions, agents and employees thereof. The terms of said Private Discharging and Indemnity Bond state that the Undersigned grants the Secretary the opportunity to return said bond within thirty days of receipt.

4. Upon expiration of said 30-day opportunity, the Undersigned receives no communication from the Secretary, and said Private Discharging and Indemnity Bond is not returned. Accordingly, the Secretary accepts said Private Discharging and Indemnity Bond pursuant to the terms of said bond.

5. At the Undersigned's instruction, during December 2007, Petitioner requests a consolidating billing from IRS that includes all amounts which IRS alleges were owed by Petitioner.

6. On or about January 11, 2008, Petitioner receives a letter identified as LTR 681C with reference #0774035504 alleging a total amount due of $36,354.16.

7. On or about January 17, 2008, the Undersigned tenders payment for Petitioner's account through Notary Public Kevin P. Mahoney in the form of Bonded Promissory Note No. HDG–1005–PN in the amount of $5,000,000.00 using Certified Mail No. 7001 1140 0002 9580 3371.

8. Said promissory note is payable to Secretary of the United States Treasury * * *

The note tendered in alleged payment of petitioner's liabilities contains in part the following:

BONDED PROMISSORY NOTE

Registered via Utah Department of Commerce, Division of
Corporations and UCC File No. * * *
USPS CERTIFIED MAIL TRACKING NO. * * *

— $5,000,000.00 —

Five Million and 00/100 United States Dollars

To the Order of:     Henry M Paulson, Jr. d/b/a Secretary of the United
                     States Treasury, P.S. Lane d/b/a Operations Mgr.,
                     ACS Remote Ops. 1, Internal Revenue Service and
                     Fiduciary Trustee

In the Amount of:    Five Million and 00/100 United States Dollars
                     ($5,000,000.00)

For Credit to:       Internal Revenue Service Account * * * to the
                     benefit of LISA STEPHENS GOFF A/K/A LISA
                     GOFF * * * SS No. * * *

Routing Through:     Private Discharging and Indemnity Bond No.
(Securitization      RA819570054US–HDG to Secretary of the
Bond)                Treasury Henry M. Paulson, Jr. * * *

   This negotiable instrument, tendered lawfully by Harvey Douglas Goff
Jr. ("Maker") in good faith shall evidence as a debt to the Payee pursuant
to the following terms:

1.  This Note shall be posted *in full* dollar for dollar pursuant to the above
credit order and presented to the co-payee, Secretary of the Treasury
Henry M. Paulson, Jr. by the Fiduciary(ies) in the attached preaddressed
envelope by certified mail/RR (certificates completed and supplied) or elec-
tronic transfer.

2.  Upon receipt of this instrument, Payee shall charge account * * * via
Pass-Through Account H DOUGLAS GOFF * * * for the purpose of termi-
nating any past, present, or future liabilities express or implied attached
or attributed to Account No. * * * and/or Lisa Stephens Goff * * *

3.  Payee shall ledger this Note for a period of thirty (30) days com-
mencing the start of business on 16 January 2008 until close of business
14 February 2008 at an interest rate of seven percent (7%) per annum;

4.  Upon maturity, this Note shall be due and payable in full with interest
and any associated fees. Payment shall be posted in accordance with gen-
erally accepted accounting principles against *Private Discharging and
Indemnity Bond No. RA819570054US–HDG* (Tracking Number RA 819 570
054 US) held and secured by Henry M. Paulsen, Jr., Secretary of the
United States Treasury.

16 January 2008                    /s/ Harvey Douglas Goff, Jr.
      Date                            Authorized Signature

   At the bottom of the note, the names and addresses of five
individuals were listed, presumably to show the person who

issued the note (Mr. Goff), the persons who were to receive the note as payment (Henry M. Paulson, Jr., Secretary of the Treasury, and Linda E. Stiff, Acting Commissioner of the IRS), and those considered to be fiduciaries (P.S. Lane, Operations Manager, IRS, and Renee A. Mitchell, Director, Campus Compliance Operations, IRS).

Along with the note, petitioner sent processing instructions to the IRS on how the note was to be posted as payment of petitioner's liabilities. The note and processing instructions purported to place a legal duty on the IRS to apply up to $5 million toward the liabilities. The IRS ignored the note and processing instructions and did not on account thereof apply any amount in payment of petitioner's liabilities.

After filing the petition, petitioner attended a conference with respondent's counsel, who warned her that her position was frivolous.

Our notice setting this case for trial informed petitioner that, if the case could not be settled, then "the parties, before trial, must agree in writing to all facts and all documents about which there should be no disagreement." Our accompanying standing pretrial order required the parties to prepare and submit pretrial memoranda, setting forth basic information about the case.

Petitioner both refused to enter into a stipulation of facts and failed to submit a pretrial memorandum.

As discussed *supra* note 1, at the conclusion of the trial, we set a briefing schedule and directed the parties to submit briefs. When petitioner did not submit an opening brief on schedule, we extended the time for her to comply. In reply, we received documents from Mr. Goff, which we filed as petitioner's opening brief. Those documents in no way comply with Rule 151(e), addressing the form and content of briefs. In part, one of those documents states as follows:

Thank you for your offer for my DEBTOR, LISA S GOFF, to file an opening brief by close of business April 28, 2010. Said offer is cast as a court order and a copy of said order is enclosed.

I accept your offer for value in behalf [sic] of myself and my debtor for sixty million four hundred thousand and 00/100 dollars ($60,400,000.00) and bill you and the court for my services in the matter.

A second document states:

It comes to my attention that the UNITED STATES TAX COURT is a for-profit corporation and is listed with Dunn & Bradstreet as such. * * *

\*   \*   \*   \*   \*   \*   \*

Are you aware of and do you realize the liability you personally incur in acting as an agent for the incorporated UNITED STATES TAX COURT?

OPINION

I. *Review of the Determinations*

Section 6330(a) provides taxpayers with the opportunity to request an administrative review of the Commissioner's decision to take administrative action to collect by levy any tax owing. Appeals conducts that review, sec. 6330(b)(1), and, as stated, we review respondent's determinations under section 6330(d)(1). On the facts before us, we review those determinations de novo. See *Boyd v. Commissioner*, 117 T.C. 127, 131 (2001); *Landry v. Commissioner*, 116 T.C. 60, 62 (2001).

Respondent may proceed by levy to collect petitioner's liabilities. Simply put, neither the note nor anything in connection with the note constitutes payment of petitioner's liabilities. The United States Code provides that "coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues." 31 U.S.C. sec. 5103 (2006). Section 6311 addresses alternative methods of payment and authorizes the Secretary to receive for taxes any commercially acceptable means that he deems appropriate as prescribed by regulations. Sec. 6311(a), (d). No regulation issued by the Secretary allows private bonds or notes such as the note to be considered payment by commercially acceptable means. Other types of payment are not acceptable; e.g., the Commissioner has refused to accept real property in payment for tax liabilities. Rev. Rul. 76–350, 1976–2 C.B. 396. Similarly, the Commissioner is not obligated to accept an individual's personal property in satisfaction of her tax liabilities. E.g., *Calafut v. Commissioner*, 277 F. Supp. 266, 267 (M.D. Pa. 1967).

At the conclusion of the trial, the Court asked petitioner to provide the Court with any argument as to why the note discharged her obligation to pay the liabilities. Petitioner

answered only that her husband had tendered the note and she had not been advised by anyone of any defect in the note, nor had anyone returned it. Petitioner's brief adds nothing to that answer. Petitioner did not address at trial or on brief any other error that she had assigned to the determinations, including her claim that the proposed levy would trespass on a bona fide lien her husband held. We therefore consider that she has abandoned those assignments of error. See *Mendes v. Commissioner*, 121 T.C. 308, 312–313 (2003) ("If an argument is not pursued on brief, we may consider that it has been abandoned."). We see no reason not to sustain the determinations, and we shall sustain them.

## II. *Section 6673(a)(1) Penalty*

Under section 6673(a)(1), this Court may require a taxpayer to pay a penalty not in excess of $25,000 if (1) the taxpayer has instituted or maintained a proceeding primarily for delay, or (2) the taxpayer's position is "frivolous or groundless". A taxpayer's position is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. E.g., *Nis Family Trust v. Commissioner*, 115 T.C. 523, 544 (2000). There is no support for petitioner's claim that the note discharged her obligation to pay the liabilities, and she has made no argument beyond her claim that the Government did not return the note or point out its defects. Moreover, she refused to enter into a stipulation of facts and disobeyed our order to submit a pretrial memorandum. She did not comply with the briefing schedule we set. When, in response to our order extending her time to file a brief, we received documents from her husband, they contained a ridiculous demand for money and a nonsensical claim that the Court is a for-profit corporation. Petitioner's principal position in this case is so weak as to be groundless, and her argument in support of that position is frivolous. Indeed, we can see no reason for this case other than delaying respondent's collection of tax liabilities and penalties for the 11 years in issue. Respondent's counsel warned petitioner that her position was frivolous. Petitioner has wasted both the Court's and respondent's limited resources and deserves a significant penalty. We shall, there-

fore, require petitioner to pay a penalty under section 6673(a)(1) of $15,000.

> *An appropriate order and decision will be entered.*